COLEMAN, appellant, v. LANSING et al.

*Partnership — assumption of debts by incoming partners — application of payment.*

The defendants purchased plaintiff's interest in a firm, assuming liability for firm debts, etc. *Held*, that they were not liable to plaintiff for a debt due by the firm until plaintiff had been compelled to pay it.

The intent and meaning of an assumption of debts by an incoming partner is, merely to indemnify the outgoing partner.

Coleman v. Lansing.

At the time of coming into the firm by defendants, one debt was due upon an account which was continued by the firm, and upon which payments were made from time to time, more than equal to the debt first due. *Held*, that the rule of law in such case is, that the payments are to be applied to the earliest items, although the payments are made by the new firm.

APPEAL from judgment on the report of a referee.

*F. L. Durand*, for appellant.

*G. F. Danforth*, for respondents.

TALCOTT, J.   The referee was correct in holding that the plaintiff could not maintain his action on account of his debt due to South-wick and Reed, until he had been compelled to pay the same, or some part thereof.   By the agreement, the defendants purchased the interest of Coleman in the partnership of Coleman and Barnes, and took his place in that firm as of the first of January, 1868.   They did not agree to pay at once all the debts of the firm of Coleman and Barnes.   They only assumed the share of the liabilities of the firm which belonged to Coleman.   The intent and meaning of such an assumption on the part of an incoming partner is, merely to indemnify the outgoing partner.   If the outgoing partner is obliged to pay any of the old debts under such circumstances, then and only then he is entitled to maintain his action.   Pars. on Part. 434–437. As to the balance of $200 due to Russell, at the time the defendants assumed the place of Coleman, it appears that the account was kept along with the new firm, and was one continuous account, and payments had been made to him more than sufficient to extinguish the balance which was due at the time of the change in the firm, without any specific appropriation by either party other than such as arose from the charges and credits in the continuous account, and the appropriation thereupon assumed by the rules of law.   In such a case where there is an outgoing partner, and the account is continued as one continuous account, the rule is that the payments are to be applied to the earliest items in the account, although the payments are made by the new firm, some of whom were not liable to the creditor for the debt extinguished by this application, and this especially so where the incoming partner has assumed his share of the old liabilities.   Pars. on Part. 432, and cases cited.   It does not therefore appear that the referee has committed any error, and the judgment must be affirmed.